IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE TITUS-ASHFORD | ) | 06 C 7062 |
| | ) | |
| Plaintiff, | ) | Judge Guzman |
| | ) | Magistrate Judge Valdez |
| v. | ) | |
| | ) | Transferred to Judge Aspen for |
| AMERIQUEST MORTGAGE COMPANY, | ) | pretrial proceedings under MDL |
| WM SPECIALTY MORTGAGE, LLC, and | ) | #1715, Lead Case #7097 |
| DOES 1-5, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiff Jacqueline Titus-Ashford brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

### PARTIES

3.      Plaintiff Jacqueline Titus-Ashford owns and resides in a home at 3320 Laurel Avenue, Hazel Crest, IL 60429.

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which

1

maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

9. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**FACTS RELATING TO PLAINTIFF**

10. Prior to August 24, 2004, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

11. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

12. The loan was closed on August 24, 2004.

13. The following are documents relating to the loan:

    a. A note, <u>Exhibit A</u>;

    b. A mortgage, <u>Exhibit B</u>;

    c. A Truth in Lending statement, <u>Exhibit C</u>;

    d. A list of "items to be paid off from loan proceeds, <u>Exhibit D</u>;

    e. "Itemization of settlement charges," <u>Exhibit E</u>;

    f. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit F</u>; all copies delivered to Plaintiff were incomplete.

    g. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit G</u>;

14. Ameriquest also gave plaintiff a document representing that the payment of a "loan discount" fee would result in a lower interest rate. <u>Exhibit I</u>.

15. Plaintiff paid the "loan discount" fee of $2,814.75. <u>Exhibit E</u>, line 802. However, on information and belief, her interest rate was not lowered.

16. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

17. On information and belief, WM Specialty Mortgage, LLC owns plaintiff's loan.

18. In the event WM Specialty Mortgage, LLC does not own plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

## COUNT I - TILA

19.   Plaintiff incorporates paragraphs 1-18.  This claim is against all defendants.

### RIGHT TO RESCIND

20.   Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the**

>    transaction and shall clearly and conspicuously disclose the following:
>
>    **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
>    **(2) The consumer's right to rescind the transaction.**
>
>    **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
>    **(4) The effects of rescission, as described in paragraph (d) of this section.**
>
>    **(5) The date the rescission period expires. . . .**
>
> **(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**
>
>    **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>
>    **(2) A credit plan in which a state agency is a creditor.**

## GROUNDS FOR RESCISSION

21.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

22.    All copies of the notice of right to cancel furnished to plaintiff were incomplete.

23.    The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

24. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

25. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

26. Notice of rescission has been given to defendants (Exhibit H).

27. The loan has not been rescinded.

28. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

29. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

   a. A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

   b. Statutory damages for the underlying disclosure violation;

   c. If appropriate, statutory damages for failure to rescind;

   d. Attorney's fees, litigation expenses and costs.

   e. Such other or further relief as the Court deems appropriate.

## COUNT II – BREACH OF CONTRACT

30.     Plaintiff incorporates paragraphs 1-18.  This claim is against Ameriquest only.

31.     Defendant undertook and contracted to lower plaintiff's interest rate if plaintiff paid a loan discount.  <u>Exhibit I</u>.

32.     Plaintiff paid a loan discount fee of $2,814.75.  <u>Exhibit E</u>, line 802.

33.     In fact, defendant failed to lower plaintiff's interest rate in consideration therefor.

34.     Defendant thereby breached its contract.

35.     Plaintiff was damaged as a result.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiff and against defendant for:

    a.     Appropriate damages;

    b.     Costs.

    c.     Such other or further relief as the Court deems appropriate.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Michelle R. Teggelaar
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman<br>Daniel A. Edelman

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on December 13, 2007, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Craig Varga<br>cvarga@vblhc.com | Elizabeth Barry<br>ebarry@vbhlc.com |
| Jonathan Ledsky<br>jledsky@vblhc.com | WM Specialty Mortgage<br>c/o Registered Agent<br>Corporation Service Company |
| Bernard E. LeSage<br>blesage@buchalter.com | 84 State St.<br>Boston, MA 02109 |

s/Daniel A. Edelman<br>Daniel A. Edelman

T:\17656\Pleading\Amended Complaint_Pleading.WPD